JOHN B. CLAYTON, Plaintiff in Error, v. JOHN L. RoBARDS, Defendant in Error.

St. Louis Court of Appeals, October 10, 1893.

1. **Trusts in Favor of Successive Classes:** VESTING OF BENEFITS. When several classes are successively entitled to the benefit of a trust, and one class fails, the right to the benefit of the trust at once vests in the next successor.

2. ——: ——. An instrument, creating a trust fund in favor of one R. conditionally, provided that, upon the death of R., the fund should be applied to the theological education of any descendant of the donor who might be preparing for the ministry of a named church, and, in default thereof, should be settled upon a designated theological institution. *Held*, that in equity the fund vested in that institution at once upon the death of R., if no descendant of the donor was then preparing for the said ministry.

3. ——: ——: CONSTRUCTION OF PROVISION IN FAVOR OF PERSONS PREPARING FOR THE MINISTRY. And *held*, further, that no descendant of the donor was preparing for the ministry within the purview of said provision, unless he was at the time receiving a theological preparation therefor; and that the pursuit of an ordinary or classical course, though followed by theological studies and an admission to the ministry, did not suffice.

*Appeal from the Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED *(Bond, J., dissenting.)*

*Harrison & Mahan,* for plaintiff in error.

*John L. RoBards,* for defendant in error.

ROMBAUER, P. J.—This is a proceding in equity to compel the defendant as trustee to carry out the provisions of the following instrument:

"In the name of God, amen.

"I, John B. Helm, of the city of Hannibal and state of Missouri, being *compos mentis*, and having the fear of God before my eyes, do hereby set apart and commit to the keeping of John L. RoBards, as trustee in trust, the sum of five hundred dollars ($500), to be used for the purpose and under the conditions now to be mentioned, viz:

"The said sum to be put and kept at interest until the second son of J. L. RoBards and Sarah C. RoBards, who has this day received in the act of holy baptism the christian name of John Helm (he being eight days old), arrives at the age of sixteen years; when the interest, in whole or in part, at the option of the trustee may be expended in securing for him, the said John Helm RoBards, a good literary and classical education; and if, when he is twenty years old, or before he is twenty-two, he shall elect to become an itinerant preacher in the M. E. Church South, then any remaining interest together with the principal ($500) shall be dovoted to his theological preparation for that sphere, and here the trusteeship of J. L. RoBards shall end.

"*But if the said John Helm RoBards shall die before attaining the age of twenty years, or if he on reaching that age should esteem it his duty to follow some other vocation in life, then the trustee, John L. RoBards, shall devote the principal and remaining interest to the theological education of any other of my descendants who may be preparing for the ministry in the same church.*

"On failing to find such party, he shall settle the principal, with whatever of interest there may be, upon the Missouri Annual Conference of the M. E. Church, South, which amount shall constitute a principal to remain intact, the interest of which shall go annually to the support of superannuated preachers, widows and orphans of that conference.

"In testimony that I have done this, I here append my signature, and affix my seal, this the twentieth day of July, A. D. 1871.     JOHN B. HELM,

"MARY A. HELM."

The plaintiff in his petition claims that he is entitled to the accumulated trust fund in the trustee's hands under the clause which is placed in italics above. Upon a trial of the cause the court entered a judgment for defendant.

Touching the facts there is no substantial controversy under the evidence. We find them to be as follows: John B. Helm died June 1, 1872, and towards the close of said month John Helm RoBards, the beneficiary specially named, also died. The plaintiff at that date was twenty years old, and was attending a Baptist school in the state of Tennessee, where he then resided. It does not appear whether he was the member of any church at that time. In the fall of 1873 the plaintiff went to the University of Virginia and remained there as a student until the fall of 1875, when he went to Vanderbilt college in Nashville, Tennessee. As far as the evidence shows, the plaintiff pursued no theological studies until he entered Vanderbilt college, which as above seen was more then three years after John Helm RoBards, the first beneficiary named, died. The plaintiff held a license as a preacher in the Methodist Episcopal Church South when he entered Vanderbilt college, but there is no pretense in the evidence that he held such license when John Helm RoBards died or for years thereafter. He had ceased to be a preacher of that church, and had even severed his connection with it as a member, when this cause was tried.

These being substantially all the facts bearing upon the question at issue, we must uphold the judgment of the trial court.

The plaintiff's claim that he was, at the time when John Helm RoBards died, *preparing for the ministry* of the Methodist Episcopal Church within the meaning of that phrase in the trust instrument is not tenable. That phrase necessarily means a theological preparation, and not purely literary or classical studies. It is true that the latter may be necessary as a foundation for the former, but a primary education is still more so. Yet it would lead to the most absurd results, were we to hold that, if any descendant of John B. Helm was receiving a primary education at the date of John Helm RoBard's death, then it was the duty of the trustee to wait until such descendant entered upon a theological course, and then expend the fund for his theological education, for which alone he was authorized to expend it. As there may be any number of descendants of John B. Helm, all of whom we trust are receiving some kind of education, which might be considered as a foundation for subsequent theological studies, the second class in the trust might never be exhausted, and yet never be reached, because in point of fact neither of such descendants might ever enter upon a theological education.

We do not conceive there is any ambiguity in the phrase "preparing for the ministry," so as to necessitate a resort to other clauses of the trust instrument. But a resort to other clauses, if admissible, merely strengthens the view already taken. It appears from them that it was the intention of the donor that the Methodist Episcopal Church South should in some manner be the recipient of his bounty. His hope was that his infant grandson named would avail himself of it for the benefit of himself and the church. In default of his grandson named doing so, the donor expected that some other of his descendants might do so. In default of them doing so, the confer-

ence of the church was to receive it. The church, however, was under all circumstances to derive some benefit from the fund. What benefit the church would derive from it by its being turned over to one who is neither a preacher in it, nor a member of it, and who at the date when John Helm RoBards died was neither preacher nor member, and who did not even know of the existence of the fund while entering upon a theological education, is not conceivable.

It is an elementary proposition that, where there are successive classes in the benefit of a trust, upon one class failing the benefit of the trust at once vests in the next successor. If at the date of the death of John Helm RoBards there was no descendant of the donor preparing for the ministry within the meaning of the trust instrument, the trust fund at once became in equity the property of the Missouri Annual Conference of the Methodist Episcopal Church South, and a *subsequent* preparation of any of the donor's descendants for the ministry could not divest the title thus acquired.

The decree is affirmed. Judge Biggs concurs. Judge Bond dissents.